JAN M. VARNADO
v.
AMERICAN SOUTH FINANCIAL SERVICES, L.L.C.
No. 2007 CA 0159.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
CHAD F. REYNOLDS, Attorney for Plaintiff-Appellee, Jan M. Varnado.
GREGORY J. MILLER, Attorney for Defendant-Appellant, American South Financial Services, L.L.C.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
American South Financial Services, L.L.C. (American South) appeals a judgment ordering it to pay past due wages plus statutory penalties and attorney fees to its former employee, Jan M. Varnado. We affirm.

BACKGROUND
On March 6, 2002, Ms. Varnado filed this lawsuit against American South seeking to recover wages that had not been paid to her at the time she resigned from her employment with American South. In the petition, she averred that she was employed by American South as a manager and earned a salary plus commissions. She further alleged that at the time of her resignation on April 27, 2001, the sum of $465.75 was owed to her in wages. Ms. Varnado attached to the petition and incorporated therein a demand letter dated May 19, 2001, in which she made a formal demand on American South for the "commission and salary that is owed to me." In her lawsuit, Ms. Varnado also sought to recover penalties and attorney fees pursuant to La. R.S. 23:631 and La. R.S. 23:632. American South answered, denying that any wages were due and asserting that Ms. Varnado was paid by commission only.
On July 10, 2003, Ms. Varnado filed a rule to show cause, converting her action to a summary proceeding as authorized by La. R.S. 23:631 and La. C.C.P. art. 2592. In her rule to show case, Ms. Varnado alleged that on the date of her resignation, she was owed the sum of $1,560.10 in wages. She asked that the court render judgment in that amount for past due wages, plus statutory penalties equal to 90 days of wages, as well as reasonable attorney fees. In her memorandum in support of the rule to show cause, Ms. Varnado again alleged that she was owed an undisputed sum of wages and commissions in the amount of $1,560.10.
At the hearing before the trial court on the rule to show cause, Ms. Varnado was asked how much she was owed by American South at the time of her resignation. She stated that the sum owed to her had been calculated on a per loan basis. At that point, counsel for American South objected, asserting that Ms. Varnado's attempt to base the amount of wages beyond the amount of $465.75, set forth in the original petition and which related to a single loan Ms. Varnado handled before her resignation, constituted an impermissible expansion of the pleadings. In response, Ms. Varnado's attorney noted that the demand letter referenced in the petition asserted a claim for all wages owed and not just those associated with a single loan. He also explained that it could not be determined exactly how much Ms. Varnado was owed until discovery had been conducted and American South furnished him with documents detailing the loans on which Ms. Varnado received commissions.
The trial court allowed Ms. Varnado to offer evidence regarding all loans on which she had received commissions after allowing the defense to cross-examine Ms. Varnado on whether she had knowledge of those loans at the time of the filing of the initial pleading. Following the hearing on the rule to show cause, the court entered judgment in favor of Ms. Varnado in the sum of $1,460.10 in past due wages, plus statutory penalties equal to 90 days of wages in the amount of $6,390.00, and attorney fees in the amount of $2,000.00.
American South filed a motion for a new trial, contending that it was a nullity because the judgment was rendered in excess of the damages sought in Ms. Varnado's petition. American South asserted that while the lawsuit had been filed on the basis of the non-payment of a commission on one loan, the award was entered on the basis of Ms. Varnado's claim of underpayment of commissions on other loans. American South charged that the trial court's allowance of evidence relating to loans other than the one set forth in the original petition constituted an impermissible expansion of the pleadings, to which it timely objected. It also urged that Ms. Varnado made no attempt to cure the defect by requesting an amendment to the pleadings to allow for the introduction of new evidence.
The trial court denied the motion for a new trial, and this appeal followed.

DISCUSSION
American South raises two principle arguments in this appeal. First, it submits that the trial court committed reversible error in allowing an expansion of the pleadings and admitting new issues to be litigated over its well-founded objection to the admission of this evidence. Secondly, American South asserts that it was fundamentally unfair for the trial court to impose penalties based on lack of good faith when it was unable to defend its actions on the newly allowed claims brought against it at the hearing. We find no merit in either argument.
It is well settled that a trial court has great discretion to admit or disallow evidence, subject to an objection, based upon the scope of the issues and pleadings and to determine whether evidence is encompassed by general issues raised in the pleadings. Denton v. Vidrine, XXXX-XXXX, p. 13 (La. App. 1st Cir. 12/28/06), 951 So.2d 274, 285, writ denied, XXXX-XXXX (La. 5/18/07), 957 So.2d 152. On appeal, this court will not disturb the orderly process of the trial court in this regard unless there is an abuse of discretion. Id.
We find no error in the trial court's conclusion that the admission of evidence relating to other loans for which Ms. Varnado claimed to be owed wages and commissions did not constitute an expansion of the pleadings. In her demand letter incorporated into the petition, Ms. Varnado demanded payment of all of her wages earned through the date of her resignation from American South. In the petition, Ms. Varnado set forth an amount known to her at the time of the filing of the petition. The trial court allowed the defense to cross examine Ms. Varnado regarding additional wages to insure that Ms. Varnado did not have knowledge of these amounts at the time of the filing of the petition. Moreover, in her rule to show cause, Ms. Varnado claimed she was owed wages in the amount of $1,560.10. Clearly, as of that time if not before, American South was on notice that Ms. Varnado was claiming wages in excess of the amount set forth in the original petition. Accordingly, American South's claim that it had no notice of a claim for wages beyond the exact amount stated in the original petition and therefore was prejudiced in maintaining its defense must necessarily fail.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, American South Financial Services, L.L.C.
AFFIRMED.